UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BALMORE ALEXANDER VILLATORO,<br><br>                        Petitioner,<br>v.<br><br>ROBERT LEGRAND, et al.,<br><br>                        Respondents. | Case No. 3:14-cv-00467-RCJ-WGC<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the court on respondents' motion to dismiss petitioner Balmore Alexander Villatoro's counseled first-amended petition (ECF No. 17). Villatoro opposed (ECF No. 21), and respondents replied (ECF No. 24).

**I.  Procedural History and Background**

On May 15, 2009, a jury convicted Villatoro of two counts of sexual assault (exhibit 22 to first-amended petition, ECF No. 9).[1]  The state district court sentenced Villatoro to two terms of ten years to life, to run concurrently.  Exh. 23.  Judgment of conviction was filed on August 4, 2009.  *Id.*  The Nevada Supreme Court affirmed the convictions on September 29, 2010, and remittitur issued on October 27, 2010.  Exhs. 28, 29.

---

[1] Exhibits referenced in this order are exhibits to petitioner's first-amended petition, ECF No. 9, and are found at ECF Nos. 10-13.

1

After an evidentiary hearing, the state district court denied Villatoro's postconviction petition on June 27, 2013, the Nevada Supreme Court affirmed the denial on July 22, 2014, and remittitur issued on August 18, 2014. Exhs. 40, 41, 46, 47.

On or about September 8, 2014, Villatoro dispatched his federal habeas corpus petition for mailing (ECF No. 4). This court appointed counsel, and the first-amended petition was filed on April 9, 2015 (ECF No. 9). Respondents now argue that three of the four grounds in the first-amended federal petition are subject to dismissal as unexhausted or conclusory (ECF No. 17).

II. **Legal Standards and Analysis**

  A. **Exhaustion**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v.*

2

*Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

### B. Conclusory Claims

In federal habeas proceedings, notice pleading is not sufficient. Mere conclusions of violations of federal rights without specifics do not state a basis for federal habeas relief. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). A petition may be summarily dismissed if the allegations in it are "vague, conclusory, palpably incredible, patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (internal citations omitted); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

### III.   Relevant Grounds in the First-Amended Petition

**Ground 1**

Villatoro alleges that the prosecutor committed misconduct in her opening statement and the court failed to remedy the error by granting a mistrial or giving a proposed curative instruction to the jury in violation of his Fifth, Sixth, and Fourteenth Amendment rights to due process and a fair trial (ECF No. 9, pp. 8-13).

Respondents argue that Villatoro only presented these factual allegations as state-law errors and that his citations to Nevada cases are insufficient to satisfy the fair presentation requirement (ECF No. 17, p. 4).

When he raised these claims in his direct appeal, Villatoro did not reference federal constitutional law. Exh. 26, pp. 13-19. Villatoro cited *Garner v. State*, in which the Nevada Supreme Court held that the prosecutor's misconduct violated the defendant's fair trial rights. 374 P.2d 525 (Nev. 1962). In *Garner*, the state supreme court emphasized the prosecutor's duty to effect a just result at trial and quoted at length from the United States Supreme Court opinion in *Berger v. United States*, 295 U.S. 78 (1935). This court concludes that the *Garner* decision's extensive discussion of fair trial and prejudice to substantial rights, together with its *Berger* reference, indicates that *Garner* is based at least in part on a federal due process analysis. Accordingly, the court determines that federal ground 1 is exhausted.

**Ground 2**

Villatoro contends that his Fifth, Sixth and Fourteenth Amendment rights to due process, a fair trial and proof beyond a reasonable doubt were violated because insufficient evidence supported his conviction on count I (ECF No. 9, pp. 13-14).

In his direct appeal, Villatoro argued that his conviction on count I violated the *corpus delicti* rule. Exh. 26, pp. 8-13, citing *Gaxiola v. State*, 119 P.3d 1225, 1233-1234 (Nev. 2005). Under Nevada law, *corpus delicti* must be demonstrated by evidence independent of the confessions or admissions of the defendant. *See, e.g., id.*

4

Respondents are correct that the *corpus delicti* rule is a matter of state law.  *See Evans v. Lubbers*, 371 F.3d 438, 442 (8th Cir. 2004) (concluding that petitioner's *corpus delicti* claim did not implicate federal constitutional rights);  *Lopez v. Allison*, 2014 WL 3362228 *7 (E.D.Cal. July 8, 2014); *Gerlaugh v. Lewis*, 898 F.Supp. 1388, 1410 (D.Ariz.1995) (rejecting corpus delicti claim in federal habeas action as raising a matter of state law). Villatoro now raises the claim as federal ground 2 that insufficient evidence supported his conviction in count I in violation of his federal rights to due process, a fair trial and proof beyond a reasonable doubt (ECF No. 9, pp. 13-14).  This is a distinct legal theory, and accordingly, federal ground 2 is unexhausted.

**Ground 3**

Villatoro claims that defense counsel rendered ineffective assistance in violation of his Sixth and Fourteenth Amendment rights when they failed to seek a DNA expert for trial (ECF No. 9, pp. 14-15).  Respondents argue that ground 3 is conclusory and should be dismissed (ECF No. 17, pp. 5-6).  Respondents are correct that mere conclusions of violations of federal rights without specifics do not state a basis for federal habeas relief. *Id*. at 6; *Mayle*, 545 U.S. at 655.  Nevertheless, here, respondents' arguments that ground 3 is conclusory are better addressed in the context of adjudication on the merits, after respondents have filed an answer and petitioner has had an opportunity to respond.  Accordingly, the court defers consideration of ground 3, and therefore, it is not subject to dismissal at this time.  This ruling is without prejudice to respondents reasserting arguments raised here at the appropriate time.

**IV.    Petitioner's Options Regarding Unexhausted Claims**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition.  *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal.  *Id*.  In the instant case, the

5

court finds that ground 2 is unexhausted. Because the court finds that the petition contains an unexhausted claim, petitioner has these options:

>1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;
>
>2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or
>
>3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

>[S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf*. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

Accordingly, if petitioner files a motion for stay and abeyance, he would be required to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding the question of whether or not his unexhausted claims are plainly meritless. Respondent would then be granted an opportunity to respond, and petitioner to reply.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for

6

filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

### V.     Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 17) is **GRANTED** in part as follows:  ground 2 is unexhausted.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted ground for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.  If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief.  The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

**IT IS FURTHER ORDERED** that respondents' motion to extend time to file their reply in support of the motion to dismiss (ECF No. 23) is **GRANTED** *nunc pro tunc*.

DATED: 3 March 2016.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE