UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BALMORE ALEXANDER VILLATORO,

Petitioner,

v.

ROBERT LEGRAND, et al.,

Respondents.

Case No. 3:14-cv-00467-RCJ-WGC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the court on petitioner Balmore Alexander Villatoro's counseled motion for stay and abeyance in accordance with *Rhines v. Weber* pending the conclusion of his state postconviction proceedings (ECF No. 28). Respondents opposed (ECF No. 29), and petitioner did not file a reply.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Thus, this court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Rhines*, 544 U.S. at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011). "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." *Id.* An indication that the standard is not particularly stringent can be found in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), where the Supreme Court stated that: "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to exhaust." *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U.S. at 278). *See also Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005) (the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*).

In its order dated March 4, 2016, this court granted respondents' motion to dismiss in part, concluding that ground 2 was unexhausted (ECF No. 25). In ground 2, Villatoro argues that insufficient evidence was presented at trial to convict him of sexual assault in violation of his Fourteenth Amendment due process rights (ECF No. 9, pp. 13-14). He argues that he can demonstrate good cause because his state

2

postconviction counsel rendered ineffective assistance by failing to present federal ground 2 to the Nevada Supreme Court (ECF No. 28, pp. 9-10).

In *Martinez v. Ryan*, the United States Supreme Court held that the failure to appoint counsel or the ineffective assistance of counsel in a state postconviction proceeding may establish cause to overcome procedural default of a claim of ineffective assistance of trial counsel. 132 S.Ct. 1309, 1315, 1318 (2012).  The Ninth Circuit then held in *Blake* that a valid claim of ineffective assistance of state postconviction counsel under *Martinez v. Ryan* (which would also encompass the absence of counsel) that would establish "cause" for overcoming a default would also be sufficient to justify a stay for purposes of exhausting the petitioner's claims.  *Blake v. Baker*, 745 F.3d at 983-84 (holding that "cause" under *Rhines* "cannot be any more demanding" than the *Martinez* standard); *Id.* at 984, fn. 7 (noting that Supreme Court has suggested the *Rhines* standard is more liberal).

Here, Villatoro argues that ineffective assistance of state postconviction counsel provides good cause for his failure to exhaust federal ground 2 (ECF No. 28, pp. 9-10). This argument is unavailing, however, because *Blake* relies on *Martinez* which is limited to addressing claims of ineffective assistance of trial counsel only.  S*ee also Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1295 (9th Cir. 2013) (holding that the *Martinez* standard for cause applies to both trial and appellate ineffective assistance of counsel claims).  That is, the underlying unexhausted claim must be a claim of ineffective assistance of counsel.  Federal ground 2, however, is not an IAC claim, it is a substantive challenge to the sufficiency of the evidence to convict Villatoro of one of the sexual assault counts.  Accordingly, Villatoro has not demonstrated good cause for failing to exhaust federal ground 2.  The court also notes that a sufficiency of the evidence claim generally must be raised on direct appeal.  Thus it is unclear how state postconviction counsel's failure to raise the claim in a state postconviction petition would constitute ineffective assistance or provide a reasonable excuse here.  *Blake*, 745 F.3d

3

at 982; *see also Jones v. Barnes*, 463 U.S. 745 (1983) (counsel does not have a duty even to raise every non-frivolous claim on appeal).

Accordingly, petitioner's motion for a stay and abeyance of this federal habeas corpus proceeding is denied. Villatoro, through counsel, will need to either (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted ground for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claim.

**IT IS THEREFORE ORDERED** that petitioner's motion for stay and abeyance (ECF No. 28) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted ground, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

4

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

Dated: This 16th day of February, 2017.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE